UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**ROBERT PHILLIPS,**

    *Plaintiff*,

v.                                       Case No. 5:25-CV-0276-JKP

**TEXAS WORKFORCE
COMMISSION, et al.,**

    *Defendants*.

### ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Before the Court is a Report and Recommendation of United States Magistrate Judge (ECF No. 9) ("R&R"), filed on June 9, 2025. The Magistrate Judge recommends that the Court dismiss Plaintiff's amended complaint (ECF No. 8) pursuant to 28 U.S.C. § 1915(e)(2)(B) because Plaintiff has failed to state a plausible, non-frivolous claim. Further, because the Magistrate Judge provided Plaintiff an opportunity to amend his complaint, the Magistrate Judge recommends that the Court not grant further leave to amend, as Plaintiff has stated his best case. The Magistrate Judge provided instructions for service and notified Plaintiff of his right to object. The notice informed Plaintiff that any objection must be specific, written, and filed within fourteen days. It further warned that a failure to object "shall bar the party from a de novo determination by the District Court."

Plaintiff timely filed objections to the R&R. *See* ECF No. 9. He asserts that he has a right to sue when the Texas Workforce Commission violated his constitutional and statutory rights. *Id*. at 1–2. He further asserts that one can be individually liable under 42 U.S.C. § 1983 when they personally participate in an alleged deprivation of rights. *Id*. at 2. He thereafter sets out various remedies that can be obtained through § 1983 and recognizes that any deprivation must be delib-

erately indifferent rather than merely negligent. *Id*. at 2–3. He contends that "Consumer Direct Services in Texas Veterans didn't fire [him]. They told the Texas Workforce Commission [he] abandoned his job." *Id*. at 3.

Plaintiff next complains that the R&R should be struck because he requested a hearing for default judgment when defendants did not respond to his complaint. *Id*. at 4. He contends that "the court is so busy worried about the Plaintiff being called a racial slur they have completely overlooked the case. Which is unacceptable by law." *Id*. He further hypothesizes that if "this case is frivolous" he "should go shoot up the client house because there [are] no laws being up[held]." *Id*. at 5.

While Plaintiff makes these statements and assertions in a filing, he titled Objections, he does not object to any specific finding or recommendation of the Magistrate Judge. His objections are merely conclusory generalities that do not change anything in the R&R. While he timely filed written "Objections," his lack of specificity leaves his filing without substance. Furthermore, his complaint regarding default judgment exhibits a misunderstanding of the judicial screening requirement of 28 U.S.C. § 1915(e). The Magistrate Judge explained that default judgment was not warranted because there had been no default by any defendant. *See* ECF No. 7. While the denial of a default judgment hearing is not part of the R&R, the Magistrate Judge committed no error—either factually or legally—when denying the request for a default judgment hearing. The Court thus denies the motion to strike the R&R.

Well after the fourteen-day period for objecting to the R&R, Plaintiff filed "Amended Objections." *See* ECF No. 13. Courts may treat untimely objections the same as filing no objections. *Morris v. Temple Indep. Sch. Dist.*, No. 23-50173, 2023 WL 5919326, at *1 (5th Cir. Sept. 11, 2023) (per curiam). Plaintiff makes no attempt to explain the untimeliness of his amended objections, and the Court declines to consider them. It will, however, make a couple of observa-

tions. First, Plaintiff wants a statement about his drug use stricken from the record because he views the Magistrate Judge as assassinating his character when the Magistrate Judge mentions Plaintiff "using drugs." ECF No. 13 at 7–8. But the Magistrate Judge was merely restating an alleged pretextual basis for Plaintiff's termination. The Magistrate Judge neither commented on nor endorsed the accuracy or truth of such alleged pretextual basis. There was no assassination of Plaintiff's character. Second, Plaintiff argues that 42 U.S.C. §§ 1985 and 1986 provide a basis for claims, but nothing in his original or amended complaints raise any claim under those statutes. The Magistrate Judge provided Plaintiff with an opportunity to state his best case, and further amendment is unwarranted.

Through Plaintiff's timely objections, he has made no objection to any specific finding or recommendation of the Magistrate Judge. Consequently, the District Court has reviewed the R&R for clear error. Finding no error, the Court **ACCEPTS** the R&R (ECF No. 9), **DENIES** Plaintiff's motion to strike (ECF No. 12), **FINDS** that this action is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff has failed to state any plausible, non-frivolous claim upon which relief may be granted, and **FINDS** that further amendment is unwarranted because Plaintiff has been given an opportunity to state his best case. Plaintiff does not even ask to further amend in his objections or amended objections. It should go without saying that the Court's findings are based on the facts presented and the claims asserted—that Plaintiff states no claim that survives judicial screening provides no basis for violence or any valid belief that laws are not being upheld. By separate filing, the Court will issue a Final Judgment dismissing this action.

**It is so ORDERED this 14th day of July 2025.**

_____
**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**